Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| JAHAIRA PONCE MORALES, Y OTROS<br><br>PETICIONARIA<br><br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET. ALS.<br><br>RECURRIDOS | TA2025CE00687 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br><br>Caso Núm. BY2023CV02917<br><br>Sobre: Violación de Derechos Civiles |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

### **I.**

El 28 de octubre de 2025, la señora Jahaira Ponce Morales, en representación de sí misma y de los menores Kattaleia Zoe Hernández Colón y Hommy Colón Ponce, y la señora Laura Ponce Ortiz (en conjunto, parte peticionaria) presentaron un recurso de *Certiorari* en el que nos solicitan que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 15 de septiembre de 2025, notificada y archivada digitalmente en autos el mismo día.[2] Mediante dicho dictamen, el TPI denegó la solicitud de autorización para enmendar la demanda presentada por la parte peticionaria.

---

[1] Véase Orden Administrativa OATA-2021-086 del 4 de noviembre de 2021,
[2] Véase entrada núm. 205 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

El 29 de octubre de 2025, emitimos una *Resolución* en la que concedimos a la parte recurrida hasta el 7 de noviembre de 2025 para que expusiera su posición sobre los méritos del recurso.[3]

El 7 de noviembre de 2025, el Estado Libre Asociado de Puerto Rico (ELA o parte recurrida) presentó un *Escrito en cumplimiento de Resolución.[4]*

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención de la petición de *certiorari.*

**II.**

El caso de marras tuvo su génesis el 25 de mayo de 2023, cuando la parte peticionaria presentó una *Demanda* en contra del ELA y en contra de la señora Ana Escobar Pabón, entonces Secretaria del Departamento de Corrección y Rehabilitación de Puerto Rico, el señor Antonio López Figueroa, entonces Comisionado del Negociado de la Policía de Puerto Rico, el señor Roberto del Valle, Director de Seguridad del Centro de Tratamiento de Mujeres de Bayamón, el sargento Erasmo Martínez Torres, oficial del Complejo de Rehabilitación para Mujeres de Bayamón —funcionarios públicos que para ese entonces ocupaban dichos puestos— (en conjunto, parte recurrida), Physician HMO, Personas ABC y Funcionarios ABC.[5] Posteriormente, el 15 de agosto de 2023, presentó una *Primera Demanda Enmendada* para incluir a la señora Wanda Montañez, Superintendente del Complejo de Rehabilitación para Mujeres de Bayamón.[6] Los funcionarios públicos fueron demandados tanto en su capacidad oficial como en su capacidad personal.

---

[3] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[4] Íd., entrada núm. 3.
[5] Véase entrada núm. 1 del expediente digital del caso en el SUMAC-TPI.
[6] Íd., entrada núm. 17.

En específico, la parte peticionaria incoó la reclamación bajo las causas de acción al amparo de los Artículos 1536, 1538 y 1540 del Código Civil de Puerto Rico, 31 LPRA secs. 10801, 10803 y 10805, la Ley de Reclamaciones y Demandas Contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 LPRA sec. 3077 *et seq.* (Ley de Pleitos), la Constitución de Puerto Rico, Const. ELA, LPRA, Tomo 1, la Constitución de Estados Unidos, LPRA, Tomo 1, y la Sección 1983 de la Ley federal de Derechos Civiles, 42 USC sec. 1983.

Según las alegaciones, el 22 de abril de 2022 se presentó una denuncia en contra de la señora Shannel Colón Ponce (señora Colón Ponce), familiar de la parte peticionaria, que culminó con la determinación de causa probable para arresto y, como no prestó fianza, fue ingresa en prisión.[7] La vista preliminar estaba pautada para el 4 de mayo de 2022, pero la representación legal de la señora Colón Ponce solicitó una evaluación psiquiátrica por lo que la vista fue pautada para el 10 de junio de 2022. La parte peticionaria alegó que advino en conocimiento de que la evaluación psiquiátrica nunca se realizó.[8] El 2 de junio de 2022, la señora Colón Ponce falleció en custodia del Departamento de Corrección y Rehabilitación de Puerto Rico (DCR) en el Complejo de Rehabilitación para Mujeres en Bayamón mientras se encontraba sumariada en espera de vista preliminar.[9]

Así las cosas, la parte peticionaria alegó que varios funcionarios del ELA causaron la muerte de la señora Colón Ponce. Como consecuencia de su deceso, adujo haber sufrido graves daños físicos, morales, emocionales y angustias mentales, a manos de la parte recurrida, provocados por la muerte de la señora Colón Ponce, en circunstancias aún desconocidas. Sostuvo que los daños

---

[7] Íd., pág. 7, alegación núm. 26.
[8] Íd., pág. 8, alegación núm. 28.
[9] Íd., pág. 6, alegación núm. 22.

causados se debieron exclusivamente a las actuaciones, omisiones, culpa y negligencia de los agentes, empleados y funcionarios de la Policía, actuaciones por las cuales responde el ELA.

De igual manera, alegó que el ELA responden por las actuaciones negligentes de los empleados del DCR y por carecer del personal suficiente y capacitado para atender su condición de salud mental y prevenir el suicidio de la señora Colón Ponce. También, adujo que la parte recurrida responde por los daños que la violación a los derechos constitucionales y derechos civiles de la señora Colón Ponce le causaron. Inclusive, arguyó que funcionarios públicos codemandados responden, además, en su capacidad personal por los daños y perjuicios provocados. En virtud de dichas alegaciones, solicitaron el resarcimiento en daños por los sufrimientos y angustias mentales, lucro cesante y daños punitivos.

En desacuerdo, la señora Ana Escobar Pabón,[10] el Comisionado Antonio López Figueroa,[11] el señor Roberto del Valle,[12] el señor Erasmo Martínez Torres,[13] y la señora Wanda Montañez,[14] presentaron sus respectivas mociones de desestimación de la *Primera Demanda Enmendada* en sus capacidades personales.

Evaluadas las múltiples mociones dispositivas, el 18 de diciembre de 2023 y notificada el 19 de diciembre de 2023, el TPI emitió una *Sentencia Parcial* mediante la cual desestimó, con perjuicio, las reclamaciones de la Primera Demanda Enmendada contra la parte recurrida, en sus capacidades personales.[15]

Inconforme, la parte peticionaria presentó un recurso de *Apelación* ante este foro (KLAN202400027). Atendido el recurso en sus méritos, el 30 de abril de 2024, este mismo Panel emitió una

---

[10] Íd., entrada núm. 75.
[11] Íd., entrada núm. 77.
[12] Íd., entrada núm. 79.
[13] Íd., entrada núm. 93
[14] Íd., entrada núm. 99.
[15] Íd., entrada núm. 109.

*Sentencia* mediante la cual confirmamos la *Sentencia Parcial* antes mencionada. En esa ocasión, resolvimos que, de una lectura favorable de las alegaciones contenidas en la *Primera Demanda Enmendada* surge que estas no cumplen con el análisis bajo la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5). Determinamos que la *Primera Demanda Enmendada* no logró alegar hechos demostrativos para sostener una demanda en contra de las capacidades personales de las partes recurridas pues no demostró hechos para vencer la defensa de inmunidad cualificada que pueden levantar los supervisores.

Devuelto el caso al foro primario, el 28 de mayo de 2024 se celebró la *Conferencia inicial,*[16] y tras varios trámites procesales mientras tiene lugar el descubrimiento de prueba, el 2 de agosto de 2025, la parte peticionaria presentó una *Solicitud de permiso para presentar Segunda Demanda Enmendada.*[17] En síntesis, alegó que durante el descubrimiento de prueba surgió información importante que incluye nuevos nombres de funcionarios del DCR, así como documentos importantes que justifican la solicitud de autorización para presentar una *Segunda Demanda Enmendada*. Indicó, que mediante la *Segunda Demanda Enmendada* propuesta se renueva la causa de acción por violación de derechos civiles y acumula nuevos demandados en su capacidad oficial y personal, que han sido identificados durante las tomas de deposiciones. Adujo que, en virtud de la prueba testifical y documental obtenida recientemente, la parte peticionaria corroboró versiones de los hechos que fueron manifestadas anteriormente por una testigo que, a pesar de las diligencias desplegadas, no ha podido localizar. Arguyó, además, que la solicitud la hace en virtud de la reserva que hizo en la Primera

---

[16] Íd., entrada núm. 133, *Minuta.*
[17] Íd., entrada núm. 195.

demanda Enmendada sobre los demandados de nombre desconocido.

Por su parte, el 25 de agosto de 2025, el ELA presentó una *Moción informativa en cumplimiento de orden.*[18] Mediante esta, se opuso a la enmienda a la demanda solicitada por la peticionaria, porque considera que causaría un perjuicio indebido a la parte recurrida. Adujo que se trata de volver a incluir una causa de acción que ya fue objeto de adjudicación para acumular dos codemandados sobre quienes ya hubo una desestimación y para acumular varios funcionarios del DCR como codemandados en sus capacidades personales que no se sustentan en derecho.

El 15 de septiembre de 2025, la parte peticionaria replicó.[19]

Ese mismo día, el TPI emitió una *Orden* mediante la cual denegó la solicitud de autorización para enmienda a la demanda.[20]

Oportunamente, el 25 de septiembre de 2025, la parte peticionaria presentó una *Moción sobre Reconsideración.*[21] Alegó, en síntesis, que las enmiendas propuestas, generalmente, surgen del descubrimiento de prueba.

El 26 de septiembre de 2025, el TPI emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar la reconsideración.[22]

Inconforme con la determinación del TPI, la parte peticionaria presentó el recurso de *certiorari* de epígrafe en el que formuló el siguiente señalamiento de error:

**ERRÓ EL TPI AL NO PERMITIR LA SEGUNDA DEMANDA ENMENDADA**

Alegó que, durante el descubrimiento de prueba, advino en conocimiento de hechos, testigos y potenciales codemandados que no se mencionan en la *Primera Demanda Enmendada*, incluyendo

---

[18] Íd., entrada núm. 200.
[19] Íd., entrada núm. 204.
[20] Íd., entrada núm. 205.
[21] Íd., entrada núm. 206.
[22] Íd., Entrada Núm. 207.

nuevos funcionarios en sus capacidades personales. Aduce que la procedencia de las enmiendas son las que de costumbre ocurren cuando se desconocen los nombres y datos que se relatan en términos generales en la Demanda pero que, como parte del descubrimiento de prueba, se hacen accesibles. Sostuvo, además, que la *Primera Demanda Enmendada* cuenta con suficientes alegaciones para establecer una reclamación que justifique la concesión de un remedio, contra los todos los codemandados en sus capacidades personales, bajo la doctrina del "deliberate indiference".

La parte peticionaria puntualizó que, en el caso de marras, el descubrimiento de prueba aun no ha culminado, ni la etapa para presentar mociones dispositivas. Además, manifestó que las dilaciones significativas se debieron a las contestaciones tardías de la parte recurrida a la demanda, autorizados por el TPI a través de la otorgación de prórrogas y el trámite apelativo originado por la *Sentencia Parcial*.

A su juicio, la parte recurrida actuó so color de autoridad con total menosprecio a la vida y los derechos civiles de la señora Colón Ponce y con indiferencia deliberada frente a la violación de los derechos constitucionales de esta e incumplieron con su obligación de adiestrar y reentrenar a los funcionarios a su cargo y/o hacer que se cumplieran los reglamentos y protocolos de las entidades privadas contratadas para brindar servicios de salud. Argumentó que los hechos esbozados en la *Primera Demanda Enmendada* y en la *Segunda Demanda Enmendada* constituyen violaciones a los derechos constitucionales y estatutarios de la señora Colón Ponce, bajo la Constitución y las leyes de Puerto Rico como bajo las Enmiendas VIII y XIV de la Constitución de Estados Unidos y la Ley federal de Derechos Civiles, *supra*.

Por su parte, el 7 de noviembre de 2025, el ELA presentó una *Moción en cumplimiento de Resolución*. En síntesis, adujo que la

solicitud de autorización para enmendar la demanda surge a destiempo, cuando la desestimación de la Primera Demanda Enmendada en contra de varios funcionarios públicos, en sus capacidades personales, advino final y firme y que ahora pretende incluirlos nuevamente. Por ello, arguyó que la doctrina de la ley del caso impide la enmienda solicitada. Sostuvo que se trata de relitigar controversias ya adjudicadas concluyentemente.

Además, aludió a que las propias expresiones de la parte peticionaria siguieren que esta conocía desde el inicio la alegada insuficiencia de personal y agresión a la señora Colón Ponce. Por ello, alegó que estamos ante un escenario de falta de diligencia para incluir alegaciones conocidas desde el principio del pleito mediante el uso de la figura de demandado de nombre desconocido.

En virtud de lo anterior, sostuvo que la decisión recurrida no es contraria a derecho. Por su parte, arguyó que la parte peticionaria falló en demostrar que el TPI cometió un claro abuso de discreción al denegar la autorización para enmendar la demanda por lo cual razonó que debemos denegar la expedición del recurso.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1,[23] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp. et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[24]

---

[23] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[24] Esta Regla dispone lo siguiente:

**B.**

Según establece la Regla 1 de Procedimiento Civil, *supra*, las Reglas de Procedimiento Civil deben ser interpretadas de forma que "faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica". Siguiendo ese mismo espíritu, nuestro Tribunal Supremo ha delineado una clara política pública de que los casos deben ventilarse en los méritos. *Colón Rivera v. Wyeth Pharm.,* 184 DPR 184, 198 (2012); *Rivera et al. v. Superior Pkg, Inc. et al.,* 132 DPR 115, 124 (1992).

Por lo anterior, en el contexto de las enmiendas a las alegaciones, tanto las Reglas de Procedimiento Civil, *supra*, como la doctrina interpretativa favorecen su autorización. Regla 13.1 de Procedimiento Civil, *supra*; *Colón Rivera v. Wyeth Pharm*., supra; *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322 (2010). En concreto, la Regla 13.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente**

---

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

> **cuando la justicia así lo requiera.** La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene. (Énfasis nuestro).

Así, esta Regla establece una directriz respecto a la concesión liberal de este remedio, disponiendo que se procede autorizarlo "cuando la justicia así lo requiera". *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 747 (2005). Además, faculta al tribunal con discreción para determinar la procedencia de la enmienda a las alegaciones y, como norma general, favorece que se conceda. Íd.

Para guiar a los tribunales en la evaluación de solicitudes para enmendar las alegaciones, nuestro más alto foro ha diseñado los siguientes criterios: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte y (4) la procedencia de la enmienda solicitada. *León Torres v. Rivera Lebrón*, 204 DPR 20, 35-36 (2020); *S.L.G. Font Bardón v. Mini-Warehouse*, supra, pág. 334; *S.L.G. Sierra v. Rodríguez*, supra, pág. 748. Estos criterios deben ser analizados en conjunto. *S.L.G. Sierra v. Rodríguez*, supra, págs. 749-750. Sin embargo, el factor más importante, determinante y de mayor relevancia es el perjuicio indebido que la enmienda pueda causar a la parte contraria, sin que ello signifique que los demás elementos no deban ser considerados. *Colón Rivera v. Wyeth Pharm*., supra, pág. 204; *S.L.G. Sierra v. Rodríguez*, supra, pág. 750.

En ese análisis, debe considerarse que ocurre un perjuicio indebido cuando la enmienda: "(1) cambia sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". *Colón Rivera v. Wyeth Pharm*., supra,

pág. 204. Por eso, se ha teorizado que el perjuicio debe ser indebido en el "sentido de que coloque a la parte contraria en una situación de desventaja respecto a lo que es el trámite ordenado del litigio". Íd., pág. 200, citando a W. Vázquez Irizarry, *Procedimiento Civil*, 75 Rev. Jur. UPR 175, 197 (2006).

Por el contrario, un mero cambio de teoría en las alegaciones no constituye perjuicio indebido. ***S.L.G. Font Bardón v. Mini-Warehouse,*** supra, pág. 336. Asimismo, el tiempo transcurrido entre la presentación de la *Demanda* original y la enmienda propuesta, por sí solo, tampoco causa perjuicio indebido. ***Colón Rivera v. Wyeth Pharm***., supra, pág. 199; ***S.L.G. Sierra v. Rodríguez,*** supra, pág. 749.

**IV.**

En el caso de marras, la parte peticionaria nos solicita que revoquemos la *Orden* emitida el 15 de septiembre de 2025 por el TPI y autoricemos la presentación de la *Segunda Demanda Enmendada*. Mediante la referida enmienda a la demanda, solicitan que se autorice incluir nuevos funcionarios del DCR en sus capacidades personales, así como demandar nuevamente, en sus capacidades personales también, a la señora Ana Escobar Pabón, el señor Antonio López Figueroa, el Sargento Erasmo Martínez Torres y la Superintendente Wanda Montañez Santiago. Con respecto a estos últimos, el TPI dictó, y este foro apelativo **confirmó**, una *Sentencia Parcial* mediante la cual desestimó las causas de acción en su contra, en sus capacidades personales.

La parte peticionaria alegó que, durante el descubrimiento de prueba, advino en conocimiento de hechos, testigos y potenciales codemandados que justifican la solicitud para autorización de enmienda. Sostuvo, que la prueba descubierta constituye base suficiente para sostener la causa de acción contra todos los oficiales

en sus capacidades personales bajo la Ley de Derechos Civiles, *supra*.

Del otro lado, la parte recurrida argumentó que la doctrina de la ley del caso impide la enmienda solicitada y que, incluso, la parte peticionaria nunca demostró que la aplicabilidad de dicha doctrina debía descartarse. Además, arguyó que la solicitud de autorización era tardía dado que, según lo alegado propiamente por la parte peticionaria, ésta poseía la versión de los hechos, sobre los cuales ahora fundamenta la solicitud, desde el inicio del caso.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del TPI. Un examen sosegado del expediente del caso y de la determinación recurrida, no arroja error alguno que amerite nuestra intervención. De la misma no surge que el TPI haya incurrido en error, perjuicio, parcialidad o que haya abusado de su discreción. Por tanto, no intervendremos con el manejo del caso que ha establecido el TPI. La determinación del foro primario es esencialmente correcta en derecho. Además, **es Sentencia final y firme la desestimación de la demanda en contra de la parte recurrida, en cuanto a sus capacidades personales, así lo resolvió el TPI y este mismo panel confirmó dicha determinación**. Se trata de revivir una controversia ya adjudicada.

En virtud de lo anterior, resolvemos denegar la expedición del auto de *Certiorari*.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones